**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **KAREN DONATELLI** | * | |
| *Plaintiff,* | * | |
| **v.** | * | Case No.: 25-CV-00715-ABJ |
| **CAPITAL BANK N.A.,** | * | |
| *Defendant.* | * | |

**CAPITAL BANK N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Capital Bank N.A. ("Defendant"), by its undersigned counsel, responds to the Complaint for Declaratory and Injunctive Relief (the "Complaint") filed by the Plaintiff, Karen Donatelli ("Plaintiff") as follows:

1. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation set forth in Paragraph 1 of the Complaint that "Karen Donatelli's husband forged her signature…" and, therefore, denies the same. Defendant admits the allegations in Paragraph 1 that a $5 million loan from Defendant was secured by the property located at 3031 Gates Road NW, Washington, DC 20008 (the "Property"). Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation set forth in Paragraph 1 of the Complaint that the Property was the "family home." Defendant denies the allegation in Paragraph 1 that its lien against the Property is void.

2. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation set forth in Paragraph 2 of the Complaint that "While separated from her husband in 2024, Ms. Donatelli learned about the lien and obtained copies of the paperwork that contained forgeries of her signature" and, therefore, denies the same. Defendant admits the allegation in Paragraph 2 that Ms. Donatelli notified Capital Bank of the alleged forgery and of

her claim that she alleged that its lien against the Property was void ab initio. Defendant denies any allegation that its lien against the Property is void ab initio.

3. Defendant denies the allegations set forth in Paragraph 3 of the Complaint.

4. To the extent that Paragraph 4 of the Complaint alleges that Defendant's security interest in the Property is void, Defendant denies such allegation. Defendant otherwise admits the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant is not required to respond to the allegations contained in Paragraph 5 of the Complaint to the extent these allegations contain no averments of fact and merely assert legal conclusions and requests for relief. To the extent a response to the allegations in Paragraph 5 is required, Defendant denies the same, and denies that Plaintiff is entitled to the relief she seeks.

**JURISDICTION AND VENUE**

6. Paragraph 6 of the Complaint requires no response as it merely asserts legal conclusions. To the extent that the allegations set forth in Paragraph 6 of the Complaint require a response, Defendant states that it is a national banking association incorporated under the laws of the United States of America and maintains its principal office in the State of Maryland. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Ms. Donatelli is a citizen of the District of Columbia.

7. Paragraph 7 of the Complaint requires no response as it merely asserts a legal conclusion. To the extent the allegation set forth in Paragraph 7 requires a response, Defendant denies the same.

8. Paragraph 8 of the Complaint requires no response as it merely asserts legal conclusions. To the extent that the allegations set forth in Paragraph 8 of the Complaint require a response, Defendant denies the same.

## PARTIES

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, therefore, denies the same.

10. Defendant admits the allegations in Paragraph 10 of the Complaint, except that Defendant believes DD-MCC LLC is only partially owned by Mr. Donatelli. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Footnote 2 of the Complaint and, therefore, denies the same. To the extent that Paragraph 10 of the Complaint purports to restate facts contained in documents recorded among the Office of the Recorder of Deeds for the District of Columbia, Defendant states that such documents speak for themselves and any allegations inconsistent with the contents of those documents are denied.

## FACTS

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, therefore, denies the same.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore, denies the same.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, denies the same. To the extent that Paragraph 13 of the Complaint purports to restate facts contained in documents recorded among the Office of the Recorder of Deeds for the District of Columbia, Defendant states that such documents speak for themselves and any allegations inconsistent with the contents of those documents are denied.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, therefore, denies the same.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, therefore, denies the same.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, therefore, denies the same. To the extent that Paragraph 16 of the Complaint purports to restate facts contained in documents recorded among the Office of the Recorder of Deeds for the District of Columbia, Defendant states that such documents speak for themselves and any allegations inconsistent with the contents of those documents are denied.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 as to what Ms. Donatelli obtained and who she obtained it from. Defendant denies the allegations set forth in Paragraph 17 of the Complaint that DD-MCC LLC is wholly owned by Mr. Donatelli. Defendant admits that it was granted a valid security interest in the Property. To the extent that Paragraph 17 purports to restate facts contained in documents recorded among the Office of the Recorder of Deeds for the District of Columbia and/or attached to Plaintiff's Complaint, such documents speak for themselves and any allegations inconsistent with the contents of those documents are denied.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, therefore, denies the same. Defendant further states that to the extent that Paragraph 18 purports to restate facts contained in documents recorded among the Office of the Recorder of Deeds for the District of Columbia and/or attached to Plaintiff's Complaint, such documents speak for themselves and any allegations inconsistent with the contents of those documents are denied.

19. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and, therefore, denies the same.

20. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint and, therefore, denies the same. Defendant further states that to the extent that Paragraph 20 purports to restate facts contained in documents recorded among the Office of the Recorder of Deeds for the District of Columbia and/or attached to Plaintiff's Complaint, such documents speak for themselves and any allegations inconsistent with the contents of those documents are denied.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, therefore, denies the same.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, therefore, denies the same.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, therefore, denies the same.

24. To the extent that Paragraph 24 of the Complaint alleges that Defendant's security interest in the Property is void, Defendant denies such allegation. Defendant admits the remaining allegations set forth in Paragraph 24 of the Complaint.

25. Defendant admits that it received and confirmed receipt of Plaintiff's letter and that it has not released its lien against the Property. Defendant denies the remaining allegations set forth in Paragraph 25 of the Complaint.

26. To the extent that Paragraph 26 of the Complaint alleges that Defendant's security interest in the Property is void, Defendant denies such allegation. Defendant admits the remaining allegations set forth in Paragraph 26 of the Complaint.

## CAUSES OF ACTION

### COUNT ONE
### (Declaratory Judgment, 28 U.S.C. § 2201)

27. Defendant incorporates by reference its responses to Paragraphs 1 through 26 of the Complaint.

28. Defendant admits the existence of an actual controversy. Defendant denies the allegations in Paragraph 28 of the Complaint that Defendant's lien on the Property is void ab initio and must be released.

### COUNT TWO
### (Quiet Title)

29. Defendant incorporates by reference its responses to Paragraphs 1 through 28 of the Complaint.

30. Defendant admits the allegations set forth in Paragraph 30 of the Complaint. Defendant further states that to the extent that Paragraph 30 purports to restate facts contained in documents recorded among the Office of the Recorder of Deeds for the District of Columbia, such documents speak for themselves and any allegations inconsistent with the contents of those documents are denied.

31. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation set forth in Paragraph 31 of the Complaint that Plaintiff's signature on the Deed of Trust was forged and, therefore, denies the same. Defendant denies the allegation in Paragraph 31 that its lien against the Property is void.

32. Defendant admits the allegations set forth in Paragraph 32 of the Complaint. Defendant further states that to the extent that Paragraph 32 purports to restate facts contained in documents recorded among the Office of the Recorder of Deeds for the District of Columbia, such

documents speak for themselves and any allegations inconsistent with the contents of those documents are denied.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to the relief it seeks in its Complaint.

**DEFENSES AND AFFIRMATIVE DEFENSES**

Defendant asserts the separate and affirmative defenses set forth below. By designating the following defenses as separate and affirmative defenses, Defendant does not concede that the defenses are necessarily affirmative defenses or that Defendant has the burden of proof with respect to any of them. Defendant reserves his right to assert additional affirmative defenses, if needed, in the event that information becomes available through further investigation, discovery, or otherwise, which supports the availability of any such defense.

**FIRST DEFENSE**

Plaintiff's Complaint and each count and claim therein fails to state a cause of action against Defendant or a claim upon which relief may be based against Defendant or its interest in the Property.

**SECOND DEFENSE**

Plaintiff's Complaint is barred by the doctrines of waiver and/or estoppel as Defendant has waived or is otherwise estopped from contesting the validity of Defendant's lien against the Property.

**THIRD DEFENSE**

Plaintiff has consented to or otherwise ratified the validity of her signature on the documents at issue and/or consented to or otherwise ratified the validity of Defendant's interest in the Property.

**FOURTH DEFENSE**

Defendant is entitled to the defenses afforded to it as a bona fide lender for value without notice of any issue regarding the claims asserted by the Plaintiff in her Complaint.

**FIFTH DEFENSE**

Plaintiff's claims regarding the validity of her signature on the documents at issue and/or the validity of Defendant's interest in the Property are barred by laches and/or the applicable statute of limitations.

**SIXTH DEFENSE**

Plaintiff's claims are barred by her unclean hands and or her unjust enrichment.

**WHEREFORE,** Defendant, Capital Bank N.A., respectfully requests that this Court enter an Order:

A. Dismissing Plaintiff's Complaint;

B. Awarding Defendant all its costs and attorneys' fees incurred in connection with this matter; and

C. For such other and further relief as justice may require.

Respectfully submitted,

*/s/ John R. Fischel*

John R. Fischel (Bar No.: 988309)
BRADY, FISCHEL& DAILY, LLC
721 Melvin Avenue
Annapolis, Maryland 21401
Tel: (410) 216-9054
Fax: (410) 216-9034
john@bfdlegal.com

*Attorneys for Defendant, Capital Bank N.A.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of April 2025, a copy of the foregoing **Capital Bank N.A.'s Answer to Plaintiff's Complaint** was served upon all counsel of record via the Court's CM/ECF system and via regular mail and email to:

Amelia J. Schmidt
Matt Kaiser
Kaiser PLLC
1099 14th Street NW, 8th Floor West
Washington, DC 20005
aschmidt@kaiserlaw.com
mkaiser@kaiserlaw.com
*Counsel for Karen Donatelli*

*/s/ John R. Fischel*
John R. Fischel