**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **KAREN DONATELLI** | * | |
| *Plaintiff,* | * | |
| **v.** | * | Case No.: 25-CV-00715-ABJ |
| **CAPITAL BANK N.A.,** | * | |
| *Defendant.* | * | |

| | |
|---|---|
| **CAPITAL BANK N.A.,** | * |
| *Third-Party Plaintiff,* | * |
| **v.** | * |
| **CHRISTOPHER J. DONATELLI,**<br>1400 Irving Street, NW<br>Washington, DC 20010 | *<br><br>* |
| and | * |
| **STEPHEN T. HARRISON**<br>10404 Huntley Avenue<br>Silver Spring, MD 20902 | *<br><br>* |
| *Third-Party Defendants.* | * |

**THIRD PARTY COMPLAINT**

Defendant/Third-Party Plaintiff Capital Bank N.A. ("Defendant"), by and through its undersigned counsel, John R. Fischel and Brady Fischel & Daily, LLC, and pursuant to Federal Rule of Civil Procedure 14 files this Third-Party Complaint against third-party defendants Christopher N. Donatelli ("Mr. Donatelli") and Stephen T. Harrison ("Mr. Harrison"), and in support thereof states:

**PARTIES**

1. Capital Bank is a national banking association incorporated under the laws of the United States of America with its principal place of business located at 2275 Research Blvd., Suite 600, Rockville, Maryland 20850.

2. Mr. Donatelli is an individual residing in the District of Columbia with last known address of 3031 Gates Road, NW, Washington, D.C. 20008. Upon information and belief, Mr. Donatelli currently maintains an office and may be residing at 1400 Irving Street, NW, Washington, DC 20010.

3. Mr. Harrison is an individual residing in Montgomery County, Maryland with last known address of 10404 Huntley Ave, Silver Spring, Maryland 20902. At all times relevant hereto Mr. Harrison was a licensed notary public in Montgomery County, Maryland.

**JURISDICTION AND VENUE**

4. Capital Bank is currently a party to these proceedings and is subject to the jurisdiction of this Court. Jurisdiction over Capital Bank is established pursuant to 28 U.S.C. § 1332. Jurisdiction of this Court over Mr. Donatelli and Mr. Harrison is proper under 28 U.S.C.A. § 1367. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

**STATEMENT OF FACTS**

5. Plaintiff, Karen Donatelli ("Mrs. Donatelli") initiated this action against Capital Bank seeking, *inter alia*, a declaration that Capital Bank's recorded lien against the property located at 3031 Gates Road, NW, Washington, D.C. 20008 (the "Property") is void *ab initio* as a result of her signature being forged by her husband, Mr. Donatelli, on various Capital Bank loan documents.

6. By deed dated October 10, 2007, title to the Property was transferred from Gates Owls Nest, LLC to Mr. Donatelli and Mrs. Donatelli as tenants by the entireties (the "Donatelli Deed"). The Donatelli Deed is recorded among the Office of the Recorder of Deeds for the District of Columbia as instrument No. 2007132264.

7. On or about April 13, 2023, Capital Bank extended a $5,000,000.00 loan to DD-MCC, LLC, a District of Columbia limited liability company owned by Mr. Donatelli and Thomas McCullough (the "Capital Bank Loan"). In conjunction with the Capital Bank Loan, Mr. Donatelli also executed, *inter alia*, a deed of trust note and personal guaranty (collectively the "Capital Bank Loan Documents"). In addition to the promises contained in the Loan Document, the Capital Bank Loan was required to secured by the Property by virtue of a Deed of Trust and Security Agreement dated April 13, 2023, executed by Mr. Donatelli and Mrs. Donatelli (the "Capital Bank Deed of Trust"). The Capital Bank Deed of Trust is recorded among the Office of the Recorder of Deeds for the District of Columbia as instrument No. 2023030909. A copy of the Capital Bank Deed of Trust is attached hereto as **Exhibit A**. Because the Property was held by Mr. Donatelli and Mrs. Donatelli as tenants by the entireties, Mrs. Donatelli was required to execute the Capital Bank Deed of Trust.

8. Mrs. Donatelli has alleged that her signature was forged on multiple documents pertaining to the Capital Bank Loan and, in particular, on the Capital Bank Deed of Trust. Mrs. Donatelli has alleged that her signature on the Capital Bank Deed of Trust was forged by Mr. Donatelli.

9. On the Capital Bank Deed of Trust, the signature of Mrs. Donatelli was acknowledged and notarized by Mr. Harrison in his capacity as a notary public for the State of

Maryland. Specifically, on the Capital Bank Deed of Trust, Mr. Harrison acknowledges the signature of Mrs. Donatelli in his certification, which provides:

> I Stephen T. Harrison, a notary public in the State of Maryland, do hereby certify that **KAREN DONATELLI**, party to and who is personally well known (or satisfactorily proven) to me as the person who personally executed the foregoing instrument bearing date on the 13th of April, 2023, personally appeared before me in said District of Columbia and acknowledged said instrument to be her act and deed, and that she executed said instrument for the purposes therein contained.

Exh. A, p.24. Mr. Harrison also notarized Mrs. Donatelli's signature on the Security Affidavit - Class 1 form attached to the recorded copy of the Capital Bank Deed of Trust so that it could be recorded among the Office of the Recorder of Deeds for the District of Columbia.

10. Capital Bank would not have extended the Capital Bank Loan if it was not secured by the Property. Capital Bank relied upon the validity of Ms. Donatelli's signature on the Capital Bank Deed of Trust as notarized by Mr. Harrison when extending the Capital Bank Loan to DD-MCC, LLC.

## COUNT I
**(FRAUD – MR. DONATELLI)**

11. Capital Bank reasserts and realleges the allegations contained in Paragraphs 1 through 10 above and incorporates those allegations by reference herein as if fully set forth herein.

12. Capital Bank asserts that Mrs. Donatelli is not entitled to the relief she seeks in her Complaint and that Capital Bank is entitled to a declaration that the Capital Bank Deed of Trust is a valid and enforceable lien against the Property as owned by Mr. Donatelli and Mrs. Donatelli as tenants by the entireties.

13. Alternatively, if the Capital Bank Deed of Trust is determined not to be a valid and enforceable lien against the Property because Mrs. Donatelli's signature was forged by Mr.

Donatelli or otherwise fraudulently procured by Mr. Donatelli, then Capital Bank is entitled to a judgment against Mr. Donatelli for his fraudulent and intentional misrepresentations that Mrs. Donatelli signed the Capital Bank Deed of Trust.

14. It was the intent of the parties at the closing of the Capital Bank Loan that in return for the proceeds from the Capital Bank Loan, the Capital Bank Deed of Trust would encumber the Property as held by Mr. Donatelli and Mrs. Donatelli as tenants by the entireties.

15. In order to obtain the proceeds of the Capital Bank Loan, Mr. Donatelli represented, *inter alia*, that Mrs. Donatelli executed the Capital Bank Deed of Trust so that the Capital Bank Loan would be secured by the Property by operation of the Capital Bank Deed of Trust. These representations were material as the Capital Bank Loan would not have been made if not secured by the Property.

16. If the Capital Bank Deed of Trust was forged or did not otherwise secure the Capital Bank Loan with the Property, then the representations by Mr. Donatelli regarding the validity of Mrs. Donatelli's signature and agreement to secure the Capital Bank Loan with the Property were false.

17. Mr. Donatelli knew his representations regarding the signature of Mrs. Donatelli on the Capital Bank Deed of Trust and ability to secure the Capital Bank Loan with the Property were false when he made them, or such representations were made with such reckless disregard for the truth that knowledge of the falsity of such representations may be imputed to him.

18. These representations regarding the signature of Mrs. Donatelli on the Capital Bank Deed of Trust and ability to secure the Capital Bank Loan with the Property were made with the intent to deceive in order to obtain the proceeds of the Capital Bank Loan.

19. Capital Bank reasonably relied upon these representations and will incur damages because of the material misrepresentations made by Mr. Donatelli regarding the signature of Mrs. Donatelli on the Capital Bank Deed of Trust and ability to secure the Capital Bank Loan with the Property.

WHEREFORE, Capital Bank respectfully demands that this Court enter judgment in its favor and against Mr. Donatelli for fraud; award Capital Bank damages in excess of $75,000, plus interest, costs and reasonable attorneys' fees; and award Capital Bank such other and further relief as this Court deems just and proper.

**COUNT II**
**(FRAUD – MR. HARRISON)**

20. Capital Bank reasserts and realleges the allegations contained in Paragraphs 1 through 19 above and incorporates those allegations by reference herein as if fully set forth herein.

21. Capital Bank asserts that Mrs. Donatelli is not entitled to the relief she seeks in her Complaint and that Capital Bank is entitled to a declaration that the Capital Bank Deed of Trust is a valid and enforceable lien against the Property as owned by Mr. Donatelli and Mrs. Donatelli as tenants by the entireties.

22. Alternatively, if the Capital Bank Deed of Trust is determined not to be a valid and enforceable lien against the Property because Mrs. Donatelli's signature was forged, then Capital Bank is entitled to a judgment against Mr. Harrison for his fraudulent and intentional misrepresentations that Mrs. Donatelli signed the Capital Bank Deed of Trust.

23. It was the intent of the parties at the closing of the Capital Bank Loan that in return for the proceeds from the Capital Bank Loan, the Capital Bank Deed of Trust would encumber the Property as held by Mr. Donatelli and Mrs. Donatelli as tenants by the entireties.

24. In order to extend the proceeds of the Capital Bank Loan, Capital Bank required that Mrs. Donatelli execute the Capital Bank Deed of Trust so that the Capital Bank Loan would be secured by the Property by operation of the Capital Bank Deed of Trust. The representation of Mr. Harrison that Mrs. Donatelli executed the Capital Bank Deed of Trust was material as the Capital Bank Loan would not have been made if not secured by the Property.

25. If the Capital Bank Deed of Trust was forged, then the representation by Mr. Harrison regarding the validity of Mrs. Donatelli's signature on the Capital Bank Deed of Trust was false.

26. Mr. Harrison knew his representation regarding the signature of Mrs. Donatelli on the Capital Bank Deed of Trust was false when he made it, or such representation was made with such reckless disregard for the truth that knowledge of the falsity of such representation may be imputed to him.

27. As a notary public, Capital Bank reasonably relied upon the representation of Mr. Harrison regarding the validity of Mrs. Donatelli's signature on the Capital Bank Deed of Trust and will incur damages because of the material misrepresentation made by Mr. Harrison regarding the signature of Mrs. Donatelli on the Capital Bank Deed of Trust.

WHEREFORE, Capital Bank respectfully demands that this Court enter judgment in its favor and against Mr. Harrison for fraud and/or intention misrepresentation; award Capital Bank damages in excess of $75,000, plus interest, costs and reasonable attorneys' fees; and award Capital Bank such other and further relief as this Court deems just and proper.

## COUNT III
**(NEGLIGENCE – MR. HARRISON)**

28. Capital Bank reasserts and realleges the allegations contained in paragraphs 1 through 27 above and incorporates those allegations by reference herein as if fully set forth.

29. Capital Bank asserts that Mrs. Donatelli is not entitled to the relief she seeks in her Complaint and that Capital Bank is entitled to a declaration that the Capital Bank Deed of Trust is a valid and enforceable lien against the Property as owned by Mr. Donatelli and Mrs. Donatelli as tenants by the entireties. Alternatively, if Mrs. Donatelli did not execute the Capital Bank Deed of Trust, and the Capital Bank Deed of Trust is not found to be a valid and enforceable lien against the Property, then Capital Bank Deed is entitled to a judgment against Mr. Harrison for negligently notarizing Mrs. Donatelli's signature on the Capital Bank Deed of Trust.

30. Mrs. Donatelli's signature on the Capital Bank Deed of Trust was acknowledged by Mr. Harrison in his capacity as a notary public. Mr. Harrison s certification provides that Mrs. Donatelli appeared personally before him, and that Mrs. Donatelli was either personally known to him or was satisfactorily proven to him to be the person who executed the Capital Bank Deed of Trust. *See* Exh. A, p.24.

31. If Mrs. Donatelli's signature on the Capital Bank Deed of Trust was forged, then Mrs. Donatelli did not personally appear before Mr. Harrison.

32. If Mrs. Donatelli's signature on the Capital Bank Deed of Trust was forged, then Mr. Harrison did not require a showing of identification to verify that the persons signing the Capital Bank Deed of Trust was, in fact, Mrs. Donatelli. Furthermore, Mr. Harrison did not take adequate steps to ensure that the signature on the Capital Bank Deed of Trust, acknowledged by him, was actually that of Mrs. Donatelli.

33. Mr. Harrison owed a duty of care to Capital Bank and others similarly situated to have Mrs. Donatelli personally appear before him prior to acknowledging her signatures. Mr. Harrison further owed a duty to Capital Bank and others similarly situated to either know Mrs.

Donatelli personally or require adequate identification of Mrs. Donatelli prior to acknowledging her signature, or to take other steps to ensure that the signature on the Capital Bank Deed of Trust was that of Mrs. Donatelli. If Mrs. Donatelli's allegations are true, then Mr. Harrison did not use a reasonable and ordinary level of care to acknowledge Mrs. Donatelli's signature and require Mrs. Donatelli to personally appeared before him and/or provide satisfactory proof of her identity in conjunction with executing the Capital Bank Deed of Trust.

34. If in fact Mrs. Donatelli did not execute the Capital Bank Deed of Trust, then Mr. Harrison breached his duty to use ordinary and reasonable care in performance of his notary duties. Mr. Harrison's failure to verify that the signature on the Capital Bank Deed of Trust was that of Mrs. Donatelli or to obtain adequate identification of the person signing the Capital Bank Deed of Trust, purportedly as Mrs. Donatelli, constituted a breach of Mr. Harrison's duty of care.

35. As a result of Mr. Harrison's negligence, Capital Bank reasonably believed that Mrs. Donatelli had conveyed and encumbered her interest in the Property to Capital Bank as security for the Capital Bank Loan. If, however, Mrs. Donatelli's signature was forged on the Capital Bank Deed of Trust, then Capital Bank has been deprived and divested of its interest in the Property and has been otherwise damaged. Capital Bank reasonably relied upon Mr. Harrison's acknowledgement of the Mrs. Donatelli's signature on the Capital Bank Deed of Trust when it extended the Capital Bank Loan and will incur damages because of Mr. Harrison's breach of his duty.

WHEREFORE, Capital Bank respectfully requests that this Court enter judgment in its favor and against Mr. Harrison for negligence; award Capital Bank damages in excess of $75,000, plus interest, costs and reasonable attorneys' fees; and award Capital Bank such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ John R. Fischel*
John R. Fischel (Bar No.: 988309)
BRADY, FISCHEL& DAILY, LLC
721 Melvin Avenue
Annapolis, Maryland 21401
Tel: (410) 216-9054
Fax: (410) 216-9034
john@bfdlegal.com

*Attorneys for Defendant/Third-Party Plaintiff,*
*Capital Bank N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of April 2025, a copy of the foregoing **Capital Bank N.A.'s Third-Party Complaint** was served upon all counsel of record via the Court's CM/ECF system and via regular mail and email to:

Amelia J. Schmidt
Matt Kaiser
Kaiser PLLC
1099 14th Street NW, 8th Floor West
Washington, DC 20005
aschmidt@kaiserlaw.com
mkaiser@kaiserlaw.com
*Counsel for Karen Donatelli*

*/s/ John R. Fischel*
John R. Fischel