**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KAREN DONATELLI<br><br>*Plaintiff*,<br><br>v.<br><br>CAPITAL BANK, N.A.<br><br>*Defendant*. | Case No. 25-CV-00715-ABJ |
| CAPITAL BANK, N.A.<br><br>*Third-Party Plaintiff*,<br><br>v.<br><br>CHRISTOPHER J. DONATELLI<br><br>and<br><br>STEPHEN T. HARRISON<br><br>*Third-Party Defendants*. | |

**ANSWER OF THIRD-PARTY DEFENDANT STEPHEN HARRISON**
**TO AMENDED THIRD-PARTY COMPLAINT AND**
**CROSSLCAIM AGAINST CHRISTOPHER DONATELLI**

COMES NOW, Third-Party Defendant Stephen Harrison (hereinafter "Harrison"), by and through undersigned counsel, and for his Answer to the Amended Third-Party Complaint of Capital Bank, N.A., states as follows:

**PARTIES**

1. Harrison lacks information sufficient to admit or deny the allegations contained in Paragraph 1.

2. Harrison lacks information sufficient to admit or deny the allegations contained in Paragraph 2.

3. Admitted.

4. Upon information and belief, admitted as to D&K's state of organization and corporate address. Admitted that at all times relevant thereto, D&K was Harrison's employer.

**JURISDICTION AND VENUE**

[5]. This paragraph contains only legal conclusions to which no response is required.

**STATEMENT OF FACTS**

[6]. Harrison lacks information sufficient to admit or deny the allegations contained in Paragraph 6.

[7]. Harrison lacks information sufficient to admit or deny the allegations contained in Paragraph 7.

[8]. Harrison lacks information sufficient to admit or deny the allegations contained in Paragraph 8.

[9]. Harrison lacks information sufficient to admit or deny the allegations contained in Paragraph 9.

[10]. Harrison admits that he acknowledged and notarized a signature he understood to be that of Plaintiff Karen Donatelli while in the employ of D&K and in furtherance of his employment duties at D&K. Harrison denies the remaining allegations of Paragraph 10.

[11]. Harrison lacks information sufficient to admit or deny the allegations contained in Paragraph 11.

## COUNT I
### (FRAUD – MR. DONATELLI)

[12]. This Paragraph merely incorporates the allegations contained in the preceding paragraphs, and thus no response is required. To the extent a response is required, Harrison adopts and incorporates by reference the individual responses to the allegations of the numbered paragraphs as set forth above as if fully restated herein.

[13]. Harrison lacks information sufficient to admit or deny the allegations contained in Paragraph 13.

[14]. Harrison lacks information sufficient to admit or deny the allegations contained in Paragraph 14.

[15]. Harrison lacks information sufficient to admit or deny the allegations contained in Paragraph 15.

[16]. Harrison lacks information sufficient to admit or deny the allegations contained in Paragraph 16.

[17]. Harrison lacks information sufficient to admit or deny the allegations contained in Paragraph 17.

[18]. Harrison lacks information sufficient to admit or deny the allegations contained in Paragraph 18.

[19]. Harrison lacks information sufficient to admit or deny the allegations contained in Paragraph 19.

[20]. Harrison lacks information sufficient to admit or deny the allegations contained in Paragraph 20.

## COUNT II
**(FRAUD – MR. HARRISON)**

[21]. This Paragraph merely incorporates the allegations contained in the preceding paragraphs, and thus no response is required. To the extent a response is required, Harrison adopts and incorporates by reference the individual responses to the allegations of the numbered paragraphs as set forth above as if fully restated herein.

[22]. Harrison lacks information sufficient to admit or deny the allegations contained in Paragraph 22.

[23]. Denied.

[24]. Harrison lacks information sufficient to admit or deny the allegations contained in Paragraph 24.

[25]. Harrison lacks information sufficient to admit or deny the allegations contained in Paragraph 25.

[26]. Denied.

[27]. Denied.

[28]. Denied.

## COUNT III
**(NEGLIGENCE – MR. HARRISON)**

[29]. This Paragraph merely incorporates the allegations contained in the preceding paragraphs, and thus no response is required. To the extent a response is required, Harrison adopts and incorporates by reference the individual responses to the allegations of the numbered paragraphs as set forth above as if fully restated herein.

[30]. Denied.

[31]. Harrison admits that he acknowledged a signature he understood to be that of Plaintiff Karen Donatelli. The purported certification speaks for itself. Any remaining allegations are denied.

[32]. Denied.

[33]. Denied.

[34]. Denied.

[35]. Denied.

[36]. Denied.

## COUNT IV
**(RESPONDEAT SUPERIOR – D&K)**

[37]. This Paragraph merely incorporates the allegations contained in the preceding paragraphs, and thus no response is required. To the extent a response is required, Harrison adopts and incorporates by reference the individual responses to the allegations of the numbered paragraphs as set forth above as if fully restated herein.

[38]. Denied.

[39]. Harrison admits that he was acting while in the employ of D&K and in furtherance of his employment duties at D&K. Harrison denies the remaining allegations of Paragraph 39.

## COUNT V
**(NEGLIGENT SUPERVISION AND TRAINING – D&K)**

[40]. This Paragraph merely incorporates the allegations contained in the preceding paragraphs, and thus no response is required. To the extent a response is required, Harrison

adopts and incorporates by reference the individual responses to the allegations of the numbered paragraphs as set forth above as if fully restated herein.

[41]. Harrison lacks information sufficient to admit or deny the allegations contained in Paragraph 41.

[42]. Harrison lacks information sufficient to admit or deny the allegations contained in Paragraph 42.

[43]. Harrison lacks information sufficient to admit or deny the allegations contained in Paragraph 43.

Any allegations not expressly admitted herein are denied.

## AFFIRMATIVE DEFENSES

1. All or part of the relief sought may be barred by accord and satisfaction.

2. All or part of the relief sought may be barred by payment.

3. All or part of the relief sought may be barred by release.

4. The relief sought may be barred by contributory negligence.

5. The relief sought may be barred by assumption of risk.

6. The relief sought may be barred by intervening superseding cause.

7. All or part of the relief sought may be barred due to failure to mitigate damages.

8. All or part of the relief sought may be barred by estoppel.

9. All or part of the relief sought may be barred by res judicata.

10. All or part of the relief sought may be barred by the economic loss rule.

11. All or part of the relief sought may be barred by fraud committed by another party or non-party.

12. The Amended Third-Party Complaint fails to state a claim upon which relief may

be granted.

WHEREFORE, Third-Party Defendant Stephen Harrison respectfully requests that the Amended Third-Party Complaint be dismissed with prejudice.

******************************************

**CROSSCLAIM AGAINST THIRD-PARTY DEFENDANT CHRISTOPHER DONATELLI**

COMES NOW, Third-Party Defendant Stephen Harrison (hereinafter "Harrison"), by and through undersigned counsel, and for his Crossclaim against Third-Party Defendant Christopher Donatelli ("Donatelli"), states as follows:

1. The Third-Party Plaintiff, Capital Bank, N.A. ("Capital Bank"), has filed an Amended Third-Party Complaint against Stephen Harrison and Christopher Donatelli seeking damages in the event its loan to an entity known as "DD-MCC, LLC" is not secured by a lien on real property located at 3031 Gates Road, NW, Washington, D.C. 20008.

2. The Amended Third-Party Complaint includes a claim for Fraud against Donatelli, and claims for Fraud and Negligence against Harrison.

3. Harrison's Answer to the Amended Third-Party Complaint wholly denies all liability and damages to the Third-Party Plaintiff Capital Bank.

**FACTS**

4. On or about April 13, 2023, Donatelli called Harrison from the car in which Donatelli was driving.

5. The call was made on the car's speaker so that all occupants of the car could hear the substance of the call.

6. In the call, Donatelli represented that his wife, Plaintiff Karen Donatelli, was with him.

7. A female voice believed to be Karen Donatelli then spoke with Harrison briefly on this call.

8. Donatelli then asked Harrison if he would be in the office as Donatelli had some documents he needed notarized.

9. After the call, Donatelli appeared at the office and presented Harrison with documents to be notarized.

10. Upon information and belief, one such document was a signature page bearing the purported signature of Karen Donatelli. Donatelli signed the same page in Harrison's presence.

11. Donatelli also provided Harrison with a copy of the driver's license of Karen Donatelli.

12. At the time Donatelli asked Harrison to notarize the documents, Harrison was an employee of Donatelli's company Donatelli & Klein, Inc.

13. Harrison primarily acted as a notary in furtherance of his employment duties.

14. Harrison reasonably understood Donatelli's request for Harrison to notarize the signatures to be in furtherance of Harrison's employment duties.

15. Based upon the totality of circumstances, Harrison notarized the signatures on what is believed to be the signature page to the Deed of Trust at issue in this matter.

16. If the allegations in Amended Third-Party Complaint can be substantiated entitling Capital Bank to a judgment in its favor, then Third-Party Defendant Christopher Donatelli should be the liable party, not Harrison.

## COUNT I
### (EQUITABLE INDEMNIFICATION)

17. Harrison incorporates by reference all foregoing allegations.

18. At the time Donatelli asked Harrison to notarize the documents, Harrison was an

employee of Donatelli's company Donatelli & Klein, Inc.

19. Any damages and/or injuries sustained by Third-Party Plaintiff Capital Bank were caused in whole by the actions and/or omissions of Third-Party Defendant Christopher Donatelli.

20. Harrison will suffer damages including, but not limited to, the amount of judgment or any payments made arising from any claims, damages, losses, expenses, and fees, relating to or arising from Donatelli's wrongful acts and/or omissions that contributed to any loss alleged by Capital Bank.

21. Harrison is entitled to equitable or implied indemnification from Donatelli in the event that Harrison is adjudged liable to Capital Bank based on its Amended Third-Party Complaint, as any alleged damages to Capital Bank were caused by the wrongful acts and/or omissions of Donatelli.

22. Harrison is entitled to equitable indemnification from Donatelli for all sums for which Harrison may be adjudged liable to Capital Bank.

## COUNT II
**(CONTRIBUTION)**

23. Harrison incorporates by reference all foregoing allegations.

24. If Harrison is found liable to Capital Bank in this matter, which liability is expressly denied, then Capital Bank's damages were caused by the sole and/or primary actions and/or omissions of Third-Party Defendant Christopher Donatelli.

25. If Harrison is deemed responsible to Capital Bank either by judgment or settlement in favor of Capital Bank for the alleged damage, which is denied, then Donatelli shares a common burden for such liability as a joint tortfeasor.

26. By reason of Donatelli's actions and/or omissions, Harrison is entitled to

contribution from Donatelli, jointly and severally, as to any and all damages which may be adjudged due and owing from Harrison.

WHEREFORE, Third-Party Defendant Stephen Harrison respectfully prays for judgment against Third-Party Defendant Christopher Donatelli for indemnity, including the costs of defense and reasonable attorney's fees, in amounts to be proven at trial. Alternatively, Third-Party Defendant Stephen Harrison respectfully requests judgment against Third-Party Defendant Christopher Donatelli for all or a contributable portion of any such judgment.

DATED: June 18, 2025

Respectfully submitted,

*/s/ Eileen M. O'Brien*

Joseph M. Creed, D.C. Bar No. 1032456
Eileen M. O'Brien, D.C. Bar No. 483451
BRAMNICK CREED, LLC
4550 Montgomery Ave., Suite 760N
Bethesda, Maryland 20814
(301) 945-7800
jcreed@bramnickcreed.com
eobrien@bramnickcreed.com

*Counsel for Third-Party Defendant Stephen Harrison*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 18, 2025, a copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

A copy by regular mail was served on:

Christopher J. Donatelli
1400 Irving Street NW
Washington, DC 20010
*Third-Party Defendant*

*/s/ Eileen M. O'Brien*
Eileen M. O'Brien