**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

KAREN DONATELLI,

Plaintiff,

v.

CAPITAL BANK N.A.,

Defendant and Third-Party Plaintiff,

v.

CHRISTOPHER J. DONATELLI, STEPHEN T. HARRISON, and DONATELLI & KLEIN INC.,

Third-Party Defendants.

Case No. 25-cv-715 (ABJ)

**PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY AND SUMMARY JUDGMENT BRIEFING OR, IN THE ALTERNATIVE, ORDER AN INITIAL SCHEDULING CONFERENCE**

Karen Donatelli's now-former husband, Chris Donatelli,[1] forged her signature on mortgage documents to secure a second lien on their family's home from Capital Bank. Capital Bank has refused to lift that lien, even faced with overwhelming evidence that Mr. Donatelli forged her signature—including a sworn affidavit from Mr. Donatelli himself admitting that he forged it. Exhibit 1 (Chris Donatelli Affidavit) ("C. Donatelli Aff."). This case can, and should, proceed to summary judgment on an expedited basis as soon as possible.

Alternatively, the initial scheduling conference—which the Court previously vacated pending service of all defendants—can and should be scheduled at the earliest possible date, as

[1] On or about April 25, 2025, a D.C. Superior Court judge granted Ms. Donatelli's uncontested petition for a divorce.

all defendants have now been served. *See* Minute Order dated May 6, 2025; ECF Nos. 3, 11, 17, 18. Counsel for the defendants who have appeared to date all consent to an expeditious initial scheduling conference and are available for the conference as early as July 29 or 30.[2]

Counsel for those same defendants—Capital Bank and Steven Harrison—have indicated they will oppose expedited discovery and summary judgment briefing. But they've proffered no legal or factual basis for that opposition, and it is imperative here. There is no need for extensive discovery, particularly in light of Mr. Donatelli's own sworn admission that he forged her signature, and Ms. Donatelli's need for relief from this fraudulent lien has only become more urgent since she brought this lawsuit. As of the date of this filing, Ms. Donatelli has executed a contract for the sale of the property with a rescission date of August 1 and a closing date of August 15. The fraudulent Capital Bank lien potentially jeopardizes that sale; Capital Bank was notified of this a week ago, yet it persists in refusing to lift the lien.

Ms. Donatelli's situation is extraordinarily unjust and must be put to an end as soon as possible. She is a victim of her ex-husband's fraud, and that fraud now threatens to prevent her from selling her home if the lien is not lifted as soon as possible. Capital Bank is free to seek relief from the wrongdoers, and indeed, it plainly has taken steps to do so in filing third-party complaints in this case.[3] *See* ECF Nos. 7, 14. There is no reason to hold Ms. Donatelli's family home hostage in the meantime to a lien that clear and convincing evidence proves is void. Any

---

[2] Two third-party defendants, Mr. Donatelli and Donatelli & Klein Inc., have not yet entered appearances on ECF, but are being served by first-class mail pursuant to Fed. R. Civ. P. 5(b)(2)(C) and this Court's Local Civil Rule 5.4(d)(2). A certificate of service will follow. *See* Local Civil Rule 5.4(d)(2).

[3] Moreover, Capital Bank has additional contractual remedies at its disposal for recovering on the balance of the mortgage, including from a third-party guarantor (a business associate of Mr. Donatelli's), for approximately $2.5 million. *See* ECF No. 1-1 at 61-71 (Guaranty Agreement).

additional discovery, including Mr. Donatelli's deposition, should take place no later than August 29, 2025; summary judgment motions (including oppositions and replies) should be submitted no later than October 21, 2025, and a ruling should issue no later than November 20, 2025.

## I. BACKGROUND

### A. Mr. Donatelli Forged Ms. Donatelli's Signature to Obtain a $3 Million Loan—and Has Admitted to It in a Sworn Affidavit

Ms. Donatelli was married to Christopher Donatelli for nearly thirty years; the Gates Road Property has been her family's home for approximately eighteen years. ECF No. 1 (Complaint) ("Compl.") ¶¶ 11, 13. By 2024, the parties' marriage had deteriorated to the brink of collapse and the parties separated. Compl. ¶ 14. While separated from her husband, Ms. Donatelli learned that Capital Bank had placed a lien on the home in 2023, which has an outstanding balance of approximately $3 million. Compl. ¶¶ 4, 16. She obtained the supporting paperwork for the Capital Bank lien and realized someone had signed her name on the deed of trust and two supporting documents without her consent. Compl. ¶¶ 17-19 (citing Exhibit 1 thereto (ECF No. 1-1)). The deed of trust was notarized by Stephen Harrison, Mr. Donatelli's employee at the time. Compl. ¶ 20 (citing Exhibit 1 thereto (ECF No. 1-1)).

Mr. Donatelli has now admitted, multiple times, to having forged Ms. Donatelli's signature. See Compl. ¶¶ 21-22. And one month ago, on June 20, 2025, he executed a sworn written affidavit admitting that (1) he, not Ms. Donatelli, had signed her name on those documents; (2) Ms. Donatelli "never authorized [him] or anyone else to sign those documents on her behalf; and (3) "[w]hen [he] caused those documents to be executed, [he] did not tell Ms. Donatelli that [he] was seeking a second mortgage on the house at 3031 Gates Road NW, let alone that I was signing documents in her name for that purpose." C. Donatelli Aff. ¶ 6.

### B. With Every Proof That Its Lien Is Void, Capital Bank Still Refuses to Lift It

Over the last nine months, Capital Bank has been notified—repeatedly—that its lien was procured via forgery. Undersigned counsel has repeatedly proffered evidence that it was procedure via forgery. Yet Capital Bank still refuses to lift the lien. On or about October 24, 2024, Ms. Donatelli, through undersigned counsel, sent a letter to Capital Bank reporting that her signature had been forged and that its lien on the Gates Road Property was void ab initio. Ms. Donatelli asked Capital Bank to release the lien to avoid litigation. Capital Bank promptly confirmed receipt of Ms. Donatelli's letter—but took no meaningful action on it in the months that followed, leaving Ms. Donatelli with no choice but to bring this lawsuit on March 11, 2025, seeking a declaratory judgment quieting the title. *See* Compl. ¶¶ 24-32.

In the months that followed, Capital Bank has asserted numerous third-party claims: fraud against Mr. Donatelli, fraud and/or negligence against Mr. Harrison, and *respondeat superior* and negligent supervision and training against Mr. Donatelli's company, Donatelli and Klein. ECF No. 14 (Amended Third-Party Complaint) ¶¶ 11-42. But it has still refused to lift the lien on Ms. Donatelli's home. Meanwhile, the additional pleadings substantially delayed discovery into Ms. Donatelli's claims; in a Minute Order dated May 6, 2025, the Court held that an initial scheduling conference would not take place until all defendants had been served.

Undersigned counsel also provided a copy of Mr. Donatelli's affidavit admitting his forgery to Capital Bank's counsel on June 23, 2025. Again, Capital Bank still refused to lift the lien. In a phone call with undersigned counsel the following day, Capital Bank's counsel claimed that the bank would not lift the lien based on the affidavit without first deposing Mr. Donatelli, but offered no evidence that would discredit either the affidavit's authenticity or its credibility.

### C. With a Sale Pending on Ms. Donatelli's Home, Capital Bank Still Refuses to Lift the Fraudulent Lien

On or about July 11, 2025, Ms. Donatelli executed a contract to sell her home. Undersigned counsel promptly contacted Capital Bank's counsel and notified them that a sale was pending but that (1) that sale could be jeopardized by the bank's $3 million fraudulent lien on the property and (2) the evidence proved that lien was void and there was every reason to believe Ms. Donatelli would succeed on the merits of her claim. Undersigned counsel urged the bank to lift the lien and focus on pursuing its claims against the real wrongdoers in the matter, i.e., Mr. Donatelli and Mr. Harrison.

In response, Capital Bank's counsel proposed, in an email to undersigned counsel on July 14, 2025, that the bank might be willing to lift the lien to allow the sale to proceed, if the parties agreed to escrow a portion of the funds pending resolution of this litigation. While the parties engaged in some discussions around that proposal for two days thereafter, after Wednesday, July 16, Capital Bank's counsel ceased to respond to any of undersigned counsel's emails and voicemails about the status of those discussions. It appears that Capital Bank is no longer willing to lift the lien to allow the sale to proceed; if that is the case, this sale likely will fall through, and future sales will continue to be jeopardized by the fraudulent lien on Ms. Donatelli's home.

## II. ARGUMENT

"District courts enjoy broad discretion when deciding case management and scheduling matters." *McGehee v. U.S. Dep't of Justice*, 362 F. Supp. 3d 14, 18 (D.D.C. 2019). The Court can, and should, (1) order this case to proceed as quickly as possible to summary judgment, including expedited discovery (to the extent any is even warranted) and summary judgment briefing; and (2) schedule an initial scheduling conference on July 29 or 30, or otherwise at the earliest possible date available to the Court and the parties.

### A. Expedited Discovery and Summary Judgment Are Necessary to Avoid an Unfair Burden on Ms. Donatelli

Ms. Donatelli's claim against Capital Bank is legally and factually straightforward. If "clear and convincing evidence" shows that Mr. Donatelli forged her signature, that lien is void. *Lewis v. Estate of Lewis,* 193 A.3d 139, 144 (D.C. 2018); *see also M.M. & G., Inc. v. Jackson,* 612 A.2d 186, 191(D.C.1992) ("It is well settled that a forged deed cannot validly transfer property and that even a bona fide purchaser takes nothing from that conveyance.") (citing *Unity Banking & Saving Co. v. Bettman,* 217 U.S. 127, 135, (1910); *Henok v. Chase Home Fin., LLC*, 890 F.3d Supp. 2d 65, 69 (D.D.C. 2012) (citing *Chen v. Bell-Smith*, 768 F.Supp.2d 121, 134–35 (D.D.C. 2011)) (other citations omitted).

Mr. Donatelli himself has admitted, in a sworn affidavit, that he forged Ms. Donatelli's signature on the deed of trust and the supporting documents which resulted in Capital Bank placing a lien on the Gates Road Home. C. Donatelli Aff. ¶¶ 5, 6. There is no clearer or more convincing evidence than that.

Capital Bank insists on deposing Mr. Donatelli, but it has proffered no evidentiary basis to challenge the authenticity or the credibility of his affidavit. Meanwhile, it has an obvious financial incentive to delay resolution of this case, as any settlement would almost certainly entail Ms. Donatelli agreeing to allow Capital Bank to recoup some portion of the proceeds on the sale of the home. It is difficult to see this position as anything more than a cynical delay tactic. Regardless, Capital Bank's counsel has ceased even responding to calls or emails from undersigned counsel about potentially resolving this matter, which means the lien will remain in place and most likely cost Ms. Donatelli this pending sale on her home and prevent her from selling it in the future.

At least one federal court case finding good cause to expedite summary judgment briefing is highly instructive here. In *U.S. Vinyl Mfg. Corp. v. Colour & Design, Inc.,* No. 4:12-CV-00217-HLM, 2013 WL 12409321, at *2 (N.D. Ga. Aug. 26, 2013), a district court found good cause to expedite discovery summary judgment briefing in a copyright infringement case, where the plaintiff was required to deposit a percentage of its sales on the pattern that was the subject of the lawsuit, for as long as the litigation was pending. While the court held that the expedited schedule must still permit a deposition of one witness the defense claimed was key, the court found that discovery and summary judgment otherwise should be expedited because requiring plaintiff to deposit money indefinitely that "it arguably owns . . . free from any competing claim by Defendant" was an "unfair[] burden" on the plaintiff and required resolution of the case as soon as possible. *Id.* at *2-*4.

Ms. Donatelli faces a similarly unfair economic burden here if this case is not resolved expeditiously—even more unfair, as she is only in this situation as a victim of her ex-husband's fraud and the economic injury she faces as a result of his fraud is potentially greater. As long as this lien remains, she will not be able to sell her home, and Capital Bank has persisted in refusing to lift it without resolving the matter through litigation. Indeed, in *U.S. Vinyl Manufacturing*, at least the economic harm the plaintiff faced was arguably reparable—it still stood to recoup the amounts it deposited while the litigation was pending. If a buyer rescinds a contract due to the lien on the property, there is no undoing that harm to Ms. Donatelli.

For these reasons, any additional discovery (including any deposition of Mr. Donatelli) must take place no later than August 29, 2025, and expedited summary judgment briefing must follow as soon as possible thereafter, with all briefing completed no later than October 21, 2025; and a ruling issued no later than November 20, 2025.

**B. In the Alternative, an Initial Scheduling Conference Should Be Scheduled for July 29 or 30, or the Earliest Possible Date Available to the Court and the Parties**

Again, both Capital Bank's counsel and Mr. Harrison's counsel consent to and are available for an initial scheduling conference as early as July 29 or 30. To the extent the Court does not agree to grant Ms. Donatelli's request for expedited briefing on the papers, she respectfully requests that the previously-vacated initial scheduling conference be reinstated and scheduled for July 29 or 30, or the earliest possible date available to the Court and the parties.

## III. CONCLUSION

For the foregoing reasons, and any others that the Court may deem just and proper, Ms. Donatelli respectfully requests that the Court:

(1) Order that discovery and summary judgment be expedited in this case, with discovery to be completed no later than August 29, 2025; all summary judgment briefing (including oppositions and replies) to be completed by October 21, 2025; and a ruling issued by November 20, 2025; or, in the alternative,

(2) Schedule an initial scheduling conference on July 29 or July 30, 2025, or at the earliest possible date otherwise available to the Court and the parties.

DATED: July 21, 2025

Respectfully submitted,

__/s/__________________________

Amelia J. Schmidt (DC Bar No. 1012380)
Kaiser PLLC
1099 14th Street NW, 8th Floor West
Washington, DC 20005
(202) 640-2850
aschmidt@kaiserlaw.com

*Counsel for Karen Donatelli*